Commonwealth *v.* Hill, Appellant.

Submitted March 24, 1975. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*Reggie B. Walton* and *John W. Packel,* Assistant Defenders, and *Benjamin Lerner,* Defender, for appellant.

*Stephen Levin, Mark Sendrow,* and *Steven H. Goldblatt,* Assistant District Attorneys, *Abraham J. Gafni,* Deputy District Attorney, and *F. Emmett Fitzpatrick,* District Attorney, for Commonwealth, appellee.

OPINION BY HOFFMAN, J., June 24, 1975:

Appellant contends that he is entitled to a new trial because diligent efforts by his appellate counsel have failed to produce the notes of testimony from his trial, thereby preventing an effective appeal.

Appellant was arrested on December 15, 1973, and charged with robbery. Subsequent to a preliminary hearing, appellant was indicted by the Philadelphia Grand Jury and charged with robbery, carrying a firearm on a public street, and possessing an offensive weapon. Appellant unsuccessfully attempted to have physical and identification evidence suppressed. On April 4, 1974, appellant waived his right to trial by jury and was tried and found guilty by Judge WILSON of the Philadelphia Court of Common Pleas. In July, 1974, after post-trial motions were denied, appellant was sentenced to a term of imprisonment of eleven months to five years. A timely appeal was filed to this Court. Appellant's current counsel, the Philadelphia Defender Association, appointed to represent appellant after post-trial motions were denied, has repeatedly sent notice to the Court Stenographer's office that it required the notes of testimony before it could file an effective appeal. At the time that appellant's brief was filed with this Court, appellant had still not obtained a copy of the requested notes of testimony.

The sole issue raised in this appeal is whether counsel's inability to obtain those notes of testimony entitles appellant to a new trial.[1] The Commonwealth contends that such a remedy is inappropriate because appellant has not pursued the necessary statutory procedure. We

---

1. Appellant claims that because he lacks the notes of testimony, adequate and effective appellate review is impossible. Such notes are necessary to guarantee effective assistance of appellate counsel. *Douglas v. California*, 372 U.S. 353 (1963). See also, *Commonwealth v. Anderson*, 441 Pa. 483, 272 A. 2d 877 (1971).

agree and remand so that appellant may conform with the requirements of the statutory provision governing the transcribing of notes of testimony.

The Act of January 8, 1960, P.L. (1959) 2116, §1, 17 P.S. §1802 provides that "[t]he law judges of each of the several courts of oyer and terminer and general jail delivery,[2] and of the courts of quarter sessions of the peace, shall employ the official stenographer or stenographers of the courts of common pleas of the particular county, to report the proceedings of the said court, whenever requested so to do by any defendant or defendants, or his, her or their counsel, before or during the trial of any case in any of said courts: Provided, further, That in all cases tried in the several courts of oyer and terminer and general jail delivery, if the request or requests for a copy of the notes of testimony are made within ninety (90) days from date of verdict, *or at any time if in the discretion of the court such request should be granted,* the defendant or defendants shall be furnished with a copy of the notes of testimony..." (Emphasis added).

Appellant was found guilty on April 4; the first request for the notes of testimony was made more than ninety days thereafter. Thus, the correct procedure would

---

We do not contest the proposition that "[i]f a meaningful appellate review is impossible, for whatever reason, and the appellant is not at fault, he is entitled to a new trial." *Commonwealth v. Goldsmith,* 452 Pa. 22, 25, 304 A. 2d 478 (1973). We believe, however, that our disposition of the case avoids unnecessary constitutional litigation.

2. "The courts of oyer and terminer and general jail delivery, quarter sessions of the peace, and orphans' courts are abolished and the several courts of common pleas shall also exercise the jurisdiction of these courts." Pa. Constitution, Schedule to Article 5, §4, effective Jan. 1, 1969. There is no question that §1802 applies to courts of common pleas. See, e.g., *Commonwealth v. Banks,* 454 Pa. 401, 311 A. 2d 576 (1973).

have been to petition the court to order the stenographer to furnish a copy of the notes.[3]

Therefore, we remand so that appellant may properly petition the court for the notes of testimony, unless the notes become available prior to remission.

---

3. We are not told by either party why the notes of testimony have not been made available. We cannot resolve this important constitutional issue without such information.